**In re MANAGEMENT CONTROL SYSTEMS, INC., Debtor.**

**Bankruptcy No. 95–4993–FJO–7.**

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

July 21, 1999.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ENTRY

FRANK J. OTTE, Chief Judge.

This matter came before the Court upon the filing of the Motion for Court Determination of Responsible Party for Tax Liabilities of Management Control Systems filed by E. Alan Whalen. The Court held a hearing on this matter on June 2, 1999. The parties, subsequent to the hearing, submitted additional authority to the Court and this matter is now ready for the Court's consideration.

### Findings of Fact

1. The corporate Debtor, Management Control Systems, Inc. ("MCS") filed this bankruptcy proceeding on July 3, 1995. The chapter 11 reorganization was converted to a chapter 7 liquidation on November 18, 1996.

2. The trustee currently has approximately $10,000.00 left to distribute, which is subject to certain administrative claims.

3. E. Alan Whalen ("Whalen") seeks to intervene and to file a claim against the bankruptcy estate.

4. The purpose of Whalen's requested intervention is to adjudicate a potential controversy he believes he has with the United States and its agency the Internal Revenue Service.

5. The potential controversy stems from Whalen's involvement with the Debtor's business as its corporate Secretary, his liability as a result of signing checks for the Debtor's business, his management position of responsibility, and his payment of bills for the business.

6. Whalen desires this Court to determine whether he is or is not responsible for certain unpaid employment tax liabilities of the Debtor's business. Such liability would arise from 26 U.S.C. § 6672, which makes certain "responsible persons" liable for certain unpaid payroll taxes.

7. Whalen argues that this Bankruptcy Court should hear his tax case because the controversy between he and the Internal Revenue Service is "related to" the bankruptcy proceeding, because he has a potential claim for reimbursement from the bankruptcy estate should Whalen be required to pay any of the Debtor's business employment taxes, and because it would be "judicially economical" to decide the issue in this Court.

### Conclusions of Law

1. Like all other federal courts, this Bankruptcy Court is a court of limited jurisdiction and receives its jurisdictional mandate in a statutory grant of power. *Celotex Corp.v. Edwards,* 514 U.S. 300, 307, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995).

2. Jurisdiction is initially conferred on the District Courts in 28 U.S.C. § 1334(b), which extends it to "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

3. In turn, jurisdiction is conferred on the Bankruptcy Courts in 28 U.S.C. § 157(a), which authorizes the District Courts to refer "any or all proceedings arising under title 11 or arising in or related to a case under title 11" to Bankruptcy Courts. 28 U.S.C. § 157(a).

4. Bankruptcy jurisdiction encompasses and is limited to proceedings "arising in," "arising under," or "related to" a case under title 11. *In re FedPak Systems, Inc.,* 80 F.3d 207, 213 (7th Cir.1996) (citing *Zerand–Bernal Group, Inc. v. Cox,* 23 F.3d 159, 161 (7th Cir.1994)).

5. Whalen's motion can not be characterized as either "arising under" or "arising in" the bankruptcy case. In *Zerand,* the Seventh Circuit Court of Ap-

peals noted that an "arising under" or "arising in" case pertains to "questions that arise during the bankruptcy proceeding and concern the administration of the bankrupt estate, such as whether to discharge a debtor." *Zerand*, 23 F.3d at 162. No traditional party to this bankruptcy (such as the debtor, trustee, creditor, or the Bankruptcy Court) initiated the controversy Whalen attempts to have litigated here. Thus, this Court concludes that there is no basis for finding that the controversy "arises in or under" the bankruptcy case.

■ 6. Therefore, this Court's jurisdiction, if anywhere, must be found in the "related to" jurisdiction in 28 U.S.C. § 157(a). Although "related to" jurisdiction would appear to be more broadly interpreted than "arising in" or "arising under" jurisdiction, the Supreme Court has cautioned that "a bankruptcy court's "related to" jurisdiction cannot be limitless." *Celotex*, 514 U.S. at 308, 115 S.Ct. 1493. Whalen argues that the existence of funds for distribution is sufficient to fulfill the "related to" issue of section 157. First of all, this Court does not agree that merely the existence of funds is sufficient to satisfy the "related to" issue. However, even if such was true, there are no funds available in this case for distribution. The estate is administratively insolvent. The trustee has received only $15,728.08. The United States Trustee has a claim for unpaid quarterly fees in the amount of at least $10,500 and that claim is entitled to administrative priority. There are also other Chapter 7 expenses which will use up all remaining funds.

■ 7. The Seventh Circuit Court of Appeals has adopted a narrower interpretation of the "related to" language than some other circuits, holding that a dispute is "related to" a bankruptcy only when the dispute "affects the amount of property available for distribution or the allocation of property among creditors." *In re Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir.1987). *Zerand*, a more recent case, narrows the

"affects distribution of allocation property" interpretation even further. In this Circuit, "related to" jurisdiction—

... is primarily intended to encompass tort, contract, and other legal claims by and against the debtor, claims that, were it not for bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others but that section 1334(b) allows to be forced into bankruptcy court so that all claims by and against the debtor can be determined in the same forum. *Zerand*, 23 F.3d at 161 (citing *Xonics*, 813 F.2d at 131).

8. Whalen has no claim in tort, contract, or otherwise that he has brought against the Debtor. He is attempting to litigate his personal tax liability with the Internal Revenue Service in this Court instead of pursuing the administrative avenues available to him for contesting his tax liability.

9. *Zerand* set forth a second purpose of the "related to" language: "[S]uits which may affect the amount of property in the bankrupt estate." 23 F.3d at 162. However, Whalen has not put forth sufficient evidence or legal authority to support this theory. It appears that no matter the outcome of the case, there would be no affect to the estate. If Whalen was unsuccessful in his case, he cannot reduce the bankruptcy estate by a claim against it, because there would be no claim. If successful, Whalen would pay nothing and there would be no affect on the bankruptcy estate either. *See, e.g., Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir.1984). The Supreme Court noted in *Celotex* that "bankruptcy courts have no jurisdiction over proceedings that have no affect on the debtor." *Celotex*, 514 U.S. at 308, 115 S.Ct. 1493.

■ 10. The Seventh Circuit has interpreted the "related to" jurisdiction narrowly. *FedPak Systems*, 80 F.3d at 214. In this Circuit, the affect on the bankruptcy estate must be material. The mere possi-

bility of some affect from an indemnification claim is not enough to pose "related to" jurisdiction. *See In re Spaulding,* 111 B.R. 689 (Bankr.N.D.Ill.) *aff'd,* 131 B.R. 84 (N.D.Ill.1990); *In re Emerald Acquisition Corp.,* 170 B.R. 632 (Bankr.N.D.Ill.1994).

11. This Court does not agree with Whalen's literal interpretation of 11 U.S.C. § 505. His argument implies that section 505 empowers this Bankruptcy Court to determine his taxes, as well as those of the Debtor. He argues that 11 U.S.C. § 505(a) does not limit the authority granted to determining only tax liabilities of debtors. Whalen's interpretation of section 505 is way too broad. This Court only has the authority to hear and determine issues as set forth in section 157. The Code permits determination by the bankruptcy court of any unpaid tax liability of the debtor that has not been contested before or adjudicated by a judicial or administrative tribunal of competent jurisdiction before the bankruptcy case.

12. Whalen argues that he will also have to file bankruptcy if he is assessed the taxes, and therefore, this Court should help him avoid that by dealing with the issue in this case. He argues that "judicial economy" should prevail to avoid another bankruptcy case from being filed. If bankruptcy courts opened their doors to all persons or entities who were indirectly affected by the debtor's bankruptcy, there would be no limit to the scope of the court's jurisdiction. That was clearly not what the drafters of the Bankruptcy Code intended.

13. Section 505 does not empower this court to entertain this action. This Court will not become a second tax court for any person dealing with a collateral tax liability as a result of his connection to a debtor. A similar issue was addressed by the 6th Circuit wherein it found that a literal reading of section 505(a) could lead to absurd results. *Michigan Employment Security Comm'n v. Wolverine Radio Co., Inc. (In re Wolverine Radio Co.),* 930 F.2d 1132, 1139 (6th Cir.1991). "Given the legislative history of section 505 and its placement in a chapter of the Bankruptcy Code denoted 'Creditors, the Debtor, and the Estate,' section 505 is not applicable where the court is not dealing with the interrelationship and effect of creditors and their claims on the bankrupt debtor." *Id.* at 1140. Therefore, there is no basis for this Court to conclude that it has jurisdiction over Whalen's tax liability.

14. Based upon the foregoing, this Court concludes that it has no jurisdiction to hear and determine whether Whalen is a responsible party on the taxes due and owing.

### Entry

Based upon the above findings of fact and conclusions of law, this Court holds that it is without jurisdiction to determine the propriety or impropriety of the Internal Revenue Service's assessment against nondebtor E. Alan Whalen under 26 U.S.C. § 6672, and Whalen's motion requesting intervention and such a determination is hereby DENIED.